**UNITED STATES of America, Plaintiff,**

v.

Lorenzo MUÑOZ–FRANCO, Francisco Sanchez–Aran, Ariel Gutierrez–Rodriguez, Wilfredo Umpierre–Hernandez, Enrique Gutierrez–Rodriguez, Rafael Dominguez–Wolff, Defendants.

No. 95–0386CCC.

United States District Court, D. Puerto Rico.

Nov. 6, 1997.

Guillermo Gil, U.S. Atty., María A. Domínguez, Asst. U.S. Atty., for Plaintiff.

María H. Sandoval, Hato Rey, PR, for Defendants.

### ORDER

CEREZO, Chief Judge.

The Court has before it the motions to dismiss contained in the Omnibus Motion flied by Ariel and Enrique Gutierrez–Rodríguez (**docket entry 184**), to which the government responded (**docket entry 200**). We shall first address the motion to dismiss counts 1 and 2 of the second superseding indictment on grounds of duplicity.

Rule 8(a) of the Federal Rules of Criminal Procedure provides that:

(a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged,

whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

■ Duplicity is the charging of multiple, separate offenses in the same count; a pleading deficiency which is addressed by Rule 8(a). The prohibition against duplicitous indictments addresses different concerns, including interference with a unanimous juror agreement since the presence of multiple offenses in the same count may give rise to a situation in which a defendant may be convicted without unanimous juror agreement as to any of the offenses charged in the count in question and produce confusion as to the basis of the verdict which may subject a defendant to double jeopardy. These concerns have been repeatedly recognized by the courts which have referred to the issue of duplicity as allowing a jury to find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense. *U.S. v. Saleh,* 875 F.2d 535, 537 (6th Cir.1989); 24 Moore's *Federal Practice* 3rd. ed. § 608.04[1], p. 608–17.

■ The determination whether an indictment is duplicitous must be based on the allegations of the indictment itself. Count 1 of the second superseding indictment, the conspiracy count, charges defendants Muñoz–Franco (Muñoz), Sánchez–Arán (Sánchez), the Gutiérrez' brothers (the Gutiérrez), Umpierre–Hernández (Umpierre) and Dominguez–Wolff (Dominguez) with conspiracy to commit certain offenses against the United States, namely (1) to knowingly execute a scheme to defraud Caguas Central Federal Savings Bank (Caguas), (2) to willfully misapply funds of Caguas with the intent to injure and defraud said bank and (3) to knowingly and willfully make false entries in reports and statements of Caguas with intent to defraud the bank and to deceive its directors and agents as well as regulatory banking entities. In the introductory allegations, at paragraph 20, a Frank Mirandes–Roque (Mirandes) is identified as a "client of Caguas who obtained numerous commercial and construction loans in the name of his related corporate entities." The allegations of the indictment cast Mirandes as a central figure and an unindicted co-conspirator.

If this first count is read without reference to the overt acts set forth at pages 20 thru 42 inclusive, one would understand that Mirandes, as well as movants, Umpierre and Dominguez, were involved in one same conspiracy with the two bank officers charged, Muñoz and Sánchez. It is argued in the motion to dismiss, however, that the second superseding indictment does not describe one unitary conspiracy but at least two conspiracies. Movants argue that one alleged scheme relates to actions involving Muñoz, Sánchez and Mirandes, and a wholly separate alleged scheme relates to Muñoz, Sánchez, the Gutiérrez, Umpierre and Dominguez.

It is interesting to note that despite the government's representation that count 1 involves a single conspiracy, the description of the overt acts is neatly divided between two distinct sets of co-conspirators. Thus, the overt acts of a conspiracy between Muñoz, Sánchez and Mirandes, appearing at pages 21 thru 32 under the subtitle "Mirandes Construction Loans", correspond to each one of the Mirandes real estate construction projects listed at pages 7 and 8 of the second superseding indictment. Those overt acts cover the period from December 1981 thru November 27, 1989, and never once mention the Gutiérrez, Umpierre or Dominguez. The factual scenario involves only the two bank officers, the unindicted co-conspirator Mirandes and his related corporate entities listed at pages 9 and 10, to wit: Deproco Corporation, Rogue Enterprises, Inc., Pronos UAN Development Corporation, Las Carolinas Development Corp., PronosTwo Development Corporation, and RFL Bubao Development Corp.

The object of the conspiracy charged between Muñoz, Sánchez and Mirandes was to use funds of Caguas to make principal and interest payments on delinquent commercial and construction loans of selected corporate entities of **Mirandes**, using Caguas funds for unauthorized personal benefits and concealing from the regulatory institutions of the bank the financial problems of the **Mirandes**

projects as well as the true financial conditions of Caguas.

The second set of overt acts appear at pages 32 thru 46 of the second superseding Indictment under the subtitles "Modules Commercial Loan" and "Transglobe and/or Modules Construction Loans." Modules and Transglobe are described at paragraphs 23 and 24 of the Introductory allegations as corporations owned and controlled by the two Gutiérrez defendants. The overt acts set forth at pages 32 through 46 span the period of January 30, 1981 through August 2, 1989 and involve a second set of participants allegedly acting in concert to defraud Caguas, to wit: Muñoz, Sánchez, Ariel and Enrique Gutiérrez, Umpierre and Dominguez. The overt acts involving these persons correspond strictly to the dealings with loans and the transactions of the twelve real estate construction projects of the **Gutiérrez'** brothers and the legal entities which they controlled listed at pages 5 and 6 of the indictment.

The alleged conspiracy between the two bank officers, Muñoz and Sánchez, and Mirandes and that between the same two bank officers and the Gutiérrez' brothers, Umpierre and Dominguez constitute two separate offenses. The only element of commonality is that the two conspiracies were to defraud one same bank and both include the same bank officers. The conspiratorial acts charged to the first set of conspirators are not connected, as the allegations of the second superseding indictment itself reflect, to the scheme charged against the second set of co-conspirators. The participants in the conspiracies are different, except for the two officers, the related corporate entities owned or controlled by the two sets of conspirators have nothing to do with each other, and the commercial and real estate transactions and loans of the **Muñoz/Sánchez/Mirandes'** scheme are totally unconnected with the transactions and construction loans involving the scheme allegedly perpetrated by **Muñoz/Sánchez/the Gutiérrez/Dominguez/Umpierre** set of defendants. The related corporations of the second set of alleged co-conspirators are Modules Manufacturing, Inc., Transglobe Manufacturing Corp., and Transhore Investment Corpora-

tion. There is not one instance of an overt act where there has been a crossing of lines of a participant from one conspiracy to the other, except for the two bank officers whose roles, as described in the multiple overt acts, are categorically defined first within the confines of the Mirandes' construction projects and, thereafter, separately as to the Gutiérrez' construction projects. There is nothing in the indictment that ties the Mirandes and the Gutiérrez commercial enterprises as joint business ventures nor is there any allegation that the Gutiérrez defendants in any way schemed *with Mirandes* together with the two bank officers, to defraud the bank. Rather, the allegations are that the two bank officers entered into a scheme with Mirandes and his corporations in reference to his construction projects to defraud the bank and also, in a totally different factual scenario, separately schemed with their clients the Gutiérrez, their related entities and co-defendants Umpierre and Dominguez to defraud the bank through specific transactions involving the Gutiérrez construction projects. A simple reading of the allegations of the indictment shows that these were two separate conspiracies which did not merge.

Count 2 of the second superseding indictment has the same pleading deficiency as count 1 since it is totally anchored on the allegations of the conspiracy count.

Given the duplicity present in counts 1 and 2, each of which charges two offenses in a single count in violation of Fed.R.Cr.P. 8(a), said counts are DISMISSED, without prejudice.

The motion to dismiss counts 13 and 15 thru 19 on multiplicity ground is DENIED.

The motion to dismiss count 2 for failure to allege bank fraud is DENIED.

The motion to dismiss counts 13, and 15 thru 19 for failure to allege a violation of 18 U.S.C. § 657 is DENIED.

The motion to dismiss the Indictment for prejudicial pre-indictment delay is DENIED.

The motion to strike prejudicial surplusage is DENIED as to the preamble which consists of jurisdictional allegations. As to paragraph 16, which has a list of projects and amounts for construction loans of the pro-

jects of the Gutiérrez brothers and legal entities allegedly controlled by them, the same is DENIED as to the following projects: La Marina IX, Levittown Plaza, Quintas de Fajardo, Quintas de Country Club, Los Caciques, Jardines de Villa Alba, Los Mameyes, Cerrovista and Plaza Inmaculada, since all of these are directly related to the conspiracy charge and the overt acts allegedly taken to further the conspiracy or are directly related to counts 16 through 19. The United States shall inform how the remaining projects: Reparto Contemporaneo, Quintas de Dorado and Quintas de Humacao, are related to any of the counts set forth in the second superseding indictment. A term of fifteen (15) days after notice is GRANTED to so inform.

As to paragraphs 20 through 22 and paragraphs 53 through 98 which refer solely to Frank Mirandes–Roque, since the Court has ordered the dismissal of counts 1 and 2 as duplicitous, without prejudice, proper pleading will require the government to restructure the proposed third superseding indictment if such were submitted to the grand jury for re-indictment.

SO ORDERED.